# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfonso Gutierrez-Soto,<br><br>                 Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>                 Respondent. | No. CV-17-00485- PHX-SRB (JZB)<br>(No. CR-16-00056 –PHX-SRB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, SENIOR UNITED STATES DISTRICT JUDGE:

Movant Alfonso Gutierrez-Soto has filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255, seeking to vacate or set aside a sentence imposed by the Court. (Doc. 1.)[1]

## I. SUMMARY OF CONCLUSION

Movant argues counsel provided ineffective assistance by failing to request a downward departure or variance based upon family ties and hardship. Movant's plea agreement precluded his ability to request a downward departure, and counsel nonetheless requested the Court consider those facts and vary below the advisory guideline range. The Court expressly declined to vary below the guidelines after considering Movant's significant criminal history. The Court will recommend the Motion

---

[1] Citations to "Doc." are to the docket in 17-00485 PHX SRB (JZB). Citations to "CR Doc." are to the docket in the underlying criminal case, CR-16-00056 PHX SRB.

be dismissed.

## II. PROCEDURAL HISTORY

On January 13, 2016, pursuant to a plea agreement, Movant pleaded guilty to Reentry of Removed Alien, in violation of 8 U.S.C. §1326(a), with sentencing enhancement pursuant to § 1326(b)(1). (CR Doc. 13.)

On May 11, 2016, the Court sentenced Movant to a 30-month term of imprisonment followed by three years of supervised release. (CR Doc. 31.)

"On May 23, 2016[2], Movant filed a pro se Notice of Appeal to the Ninth Circuit Court of Appeals. He subsequently filed, through counsel, a motion to voluntarily dismiss the appeal. *See United States v. Gutierrez-Soto*, No. 16-10219 (9th Cir.). The Ninth Circuit granted the motion for voluntary dismissal, and the mandate issued on September 1, 2016." (Doc. 4 at 1.)

## III. MOTION TO VACATE OR SET ASIDE SENTENCE

### A. Movant's Claims

On February 13, 2017, Movant filed a Motion and Memorandum. (Docs. 1-2.) In Ground One, Movant argues that he received ineffective assistance of counsel because his attorney failed to file a timely notice of appeal. (Doc. 1 at 4; Doc. 2 at 2-3.) In Ground Two, Petitioner argues counsel was ineffective by failing to seek a downward departure pursuant to U.S.S.G §§ 5K 2.0 and 5H1.6, and 18 U.S.C. § 3553(a). (Doc. 1 at 5; Doc. 2 at 4.)

On May 30, 2017, the government filed a Response. (Doc. 5.) On June 12, 2017, Movant filed a Reply. (Doc. 6.)

### B. Waiver and Procedural Bar

#### 1. Appeal and Collateral Attack Waiver

The government does not argue that the appeal and collateral attack waiver in the plea agreement bars Movant's claims. In its Order calling for an answer to the § 2255

---

[2] Petitioner certified that he delivered the notice to prison authorities on May 17, 2016. (CR Doc. 34.)

Motion, the Court warned the government that "[f]ailure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006)." (Doc. 4 at 3.) Because the government does not argue the appeal waiver should apply in this case, the Court finds that the government waived its right to assert the waiver contained in the plea agreement precludes Movant's Motion.

### 2. Procedural Bar

The government argues that the Motion is procedurally barred because "Defendant's claim of ineffective assistance is simply an[] attack on his underlying sentence." (Doc. 5 at 4.) The Court disagrees. Movant is not attacking the merits of the Court's sentencing decision. Instead, Movant argues that counsel provided ineffective assistance by failing to file a motion for a variance based on U.S.S.G §§ 5K2.0 and 5H1.6, and 18 U.S.C. § 3553(a). (*See* Doc. 6 at 2.) Movant's claim was not waived. *See Massaro v. United States*, 538 U.S. 500, 509 (2003) ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

### C. Ground One

In Ground One, Movant argues that he received ineffective assistance of counsel because his attorney failed to file a timely notice of appeal. (Doc. 1 at 4; Doc. 2 at 2-3.) Claims of ineffective assistance of counsel are governed by the principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and that (2) the deficiency prejudiced the defense. *Id.* at 687-88. With respect to *Strickland's* second prong, a petitioner must affirmatively prove prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Here, Movant filed a timely notice of appeal by mailing the notice on May 17, 2016. (CR Doc. 34.) Movant cannot establish that he was prejudiced by counsel's failure

to file a notice of appeal. Also, the Ninth Circuit assigned a case number (CR doc. 35), and appointed counsel and set a briefing schedule (CR doc. 37). Movant voluntarily dismissed the appeal. (CR Doc. 42.) Movant fails to establish prejudice based upon his subsequent request to dismiss the appeal.

### D. Ground Two

In Ground Two, Petitioner argues counsel was ineffective by failing to seek a "downward variance" pursuant to U.S.S.G §§ 5K2.0 and 5H1.6, and 18 U.S.C. § 3553(a). (Doc. 1 at 5; Doc. 2 at 4.)

On May 11, 2016, the Court sentenced Movant to a 30-month term of imprisonment followed by three years of supervised release. (CR Doc. 31.) At sentencing, the Court found the Presentence Report "correctly calculates the Offense Level and Criminal History Category at 21 and III, respectively." (Doc. 44 at 14.) The Court accepted the plea agreement "and granted the government's departure motion under 5K3.1 resulting in a guideline range of 37 to 46 months with an 11(c)(1)(C) stipulation that . . . does not preclude a lower sentence if the Court should vary." (Doc. 44 at 14.) Because future sentencing guidelines were likely to reduce the advisory guideline ranges of similarly-situated defendants, the Court varied an additional two levels. The Court found that "if the same two-level departure for fast-track were to apply, on November 1 the advisory guideline range for this defendant would be 30 to 37 months." (*Id*. at 14-15.) The Court determined the final advisory guideline range was 30 to 37 months. (*Id*.)

#### 1. Departures/Variance under U.S.S.G §§ 5K 2.0 and 5H1.6

Counsel was not ineffective by failing to seek a downward departure pursuant to U.S.S.G § 5K2.0 (downward departures) and § 5H1.6 (family ties). Movant's plea agreement prohibited Movant for requesting downward departures. (CR Doc. 33 at 3.)[3] "The failure to raise a meritless legal argument does not constitute ineffective assistance

---

[3] The fast-track provision in the plea agreement reads: "If the defendant requests, or if the Court authorizes, any adjustment or departures pursuant to the Sentencing Guidelines, the United States may withdraw from this agreement." (CR Doc. 33 at 3.)

- 4 -

of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

Movant argues that counsel should have argued for a variance because he is "the only support my family has" and his family "is struggling to [barely] survive, with almost no food" or money. (Doc. 6 at 6.) But Movant's counsel requested a variance based on his family's hardship. In the sentencing memorandum, Movant's counsel argued that "he has three children who are very young in age and will be un[d]uly deprived of their father's companionship and nurturing abilities if he is sentenced to a long term in the Bureau of Prisons." (CR Doc. 28 at 1.) Movant's counsel requested the Court vary 11 months below the bottom of the guideline range. (*Id*. at 3.) At sentencing, counsel told the Court: "My client has made it clear to me many times despite the fact that he has been returned to his native land on three occasions, that he will not come back again illegally. He does have small children. He came here to work." (CR Doc. 44 at 10.) Movant does not establish that his counsel was ineffective because counsel presented his variance request to the Court.

Movant fails to establish prejudice because he also requested a lower sentence based upon family hardship. In the Presentence Report, Movant advised that he "returned to the United States after his last removal because he wanted to work to help provide for his family." (CR Doc. 29 at 4.) Prior to sentencing, Movant wrote a letter to the Court, which the Court reviewed. (CR Doc. 44 at 2.) During sentencing, Movant told the Court: "Well, just to take into account that I am now a different person, that I have changed. That since I was released from prison, I got married. I created a new family. We have three children. And my wife and children depend on my salary; and also my mother who is an old lady, 75 years old." (*Id*. at 12.) The Court considered counsel's memorandum and Movant's request, and sentenced Movant at the low end of the advisory guideline range.

Movant also fails to demonstrate prejudice in light of his significant criminal history. Movant had five prior drug trafficking-related convictions. (CR Doc. 29 at 5-6.) Movant had two prior felony reentry convictions. (*Id*.) On August 24, 2000, Movant was

sentenced to 70 months of imprisonment for his second reentry conviction. (*Id*. at 7.) Here, Movant was sentenced to a low-end term of 30 months of imprisonment. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner provides no evidence there is a reasonable probability his sentence would be different.

At sentencing, Movant also advised the Court he was satisfied with counsel's representation. (CR Doc. 44 at 8.) Movant's claim fails.

### 2. Variance under 18 U.S.C. § 3553(a)

Movant requests the Court "impose a Downward Variance in the guidelines range which will reflect a sentence that is minimally sufficient but not greater than necessary to comply with the basic aims of sentencing, pursuant to title 18 U.S.C. § 3553(a)." (Doc. 2 at 5.) Movant's counsel made a similar request prior to sentencing in the sentencing memorandum. (CR Doc. 28 at 2-3.) Movant's counsel argued for a sentence 11 months below the guideline range to reflect a "sentence that is no more than necessary to achieve the goals of 18 U.S.C. § 3553. . . ." (*Id*. at 2.) At sentencing, Movant's counsel advocated on Movant's behalf and requested a "reasonable sentence." (CR Doc. 44 at 11). Counsel requested, and received, a two-level variance based upon guideline range calculations that would take effect on November 1, 2016. (*Id*. at 5-6, 14-15.) The Court considered and rejected any further requests for a variance. The Court stated:

> That is the only basis, however, that the Court sees in this case to vary.
>
> The defendant does have an extensive prior criminal history for offenses that are not Reentry of a Removed Alien. He does have that prior felony conviction. But he also has several prior felony convictions involving drug trafficking, several of which are so old that they do not get criminal history points.
>
> The Court is going to impose a sentence of 30 months, the low end of what would be the new advisory guideline range with the fast-track departure that is contained in this Plea Agreement, coupled with three years of supervised release.

(CR Doc. 44 at 15.)

Movant's counsel did not provide ineffective assistance regarding 18 U.S.C. § 3553(a).

In his Reply, Movant cites to *United States v. Estavillo-Avendano*, 2014 WL 4792595, at *4 (M.D. Ala. 2014) to support his claim that he should have received a lower sentence. But the court in *Estavillo-Avendano* varied based on that defendant's fear of violence in Mexico and his particular criminal history. (*Id*.) Here, Movant has not established he committed the offense to escape violence in Mexico. Movant was placed in criminal history category III, whereas Estavillo-Avendano was placed in criminal history category II. (*Id*. at *2.)

Movant cannot show that his counsel's performance was deficient or that any deficient representation was prejudicial.

### E. Evidentiary Hearing

The Court shall hold an evidentiary hearing on a Movant's Motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). Here, the record conclusively shows Movant's counsel did not provide ineffective assistance, and that the Court considered and rejected his request for an additional downward variance.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

| | |
|---|---|
| 1 | This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections. |

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 3rd day of October, 2017.

Honorable John Z. Boyle
United States Magistrate Judge